**DYNAPOWER SYSTEMS CORPORA-
TION and Dynapower Systems Corpo-
ration of California, Plaintiffs,**

v.

**Jesse ROSS and Diapulse Corporation of
America, Defendants.  (Action No. 1.)**

**DIAPULSE CORPORATION OF AMER-
ICA, Plaintiff,**

v.

**Denis KENDALL and James C. Kendall,
Defendants.  (Action No. 2.)**

Nos. 63 Civ. 992, 63 Civ. 2653.

United States District Court
S. D. New York.

Sept. 28, 1967.

Morgan, Finnegan, Durham & Pine,
New York City, for Dynapower Systems
Corp. and others; John C. Vassil, New
York City, of counsel.

Winer, Neuburger & Sive, New York
City, for Jesse Ross and Diapulse Corp.
of America; David Sive, New York City,
of counsel.

## OPINION

HERLANDS, District Judge:

Diapulse Corporation of America,
plaintiff in Action No. 2, has moved for
an interlocutory injunction, F.R.Civ.P.
65, enjoining Dynapower Systems Cor-
poration, Dynapower Systems Corpora-
tion of California and Denis Kendall
"from disparaging the products or the
business reputation or financial condi-
tion of DIAPULSE CORPORATION OF
AMERICA".  The two Dynapower cor-

porations are plaintiffs against Diapulse and Jesse Ross in Action No. 1. Denis Kendall is one of the defendants in Action No. 2.

The parties are enmeshed in a tangled web of litigation going back to 1963, including an action by Diapulse commenced on July 12, 1965 in the United States District Court for the Western District of New York.* Aside from furnishing illuminating and necessary background for the two cases currently pending in this Court, the Western District proceedings are pointedly relevant because two preliminary injunctions have already been issued in those proceedings. On February 17, 1966, Chief Judge Harold P. Burke of the United States District Court for the Western District of New York, in a four-page memorandum-order, granted a preliminary injunction in favor of Dynapower enjoining Diapulse from threatening or otherwise intimidating any person with suits for patent infringement and "from disparaging the business reputation of Dynapower Systems Corporation". Furthermore, after the motion, now before this Court, was made by Diapulse's filing of motion papers on June 22, 1967 (returnable July 5, 1967), Chief Judge Burke, on June 29, 1967, signed an order to show cause bringing on a preliminary injunction motion to restrain Diapulse from proceeding further with the instant motion by Diapulse in this Court.

The Diapulse motion in this Court was adjourned on July 5, 1967 to July 25, 1967, then to August 15, 1967, and thereafter to September 5, 1967.

On July 27, 1967, Chief Judge Burke granted Dynapower's motion for a preliminary injunction against Diapulse to the following extent:

"The motion is granted only in so far as plaintiff's notice of motion and motion is based on a claimed misuse by Dynapower of the injunction heretofore issued by the United States District Court for the Western District of New York.

The motion is in all other respects denied."

The terms of the July 27, 1967 injunction have engendered a sharp dispute whether the present motion by Diapulse is predicated "on a claimed misuse by Dynapower of the injunction" issued by Chief Judge Burke. Dynapower, with considerable support in the record, asserts that the Diapulse motion "in its material parts" involves as a critical issue a claimed misuse by Dynapower of the Western District injunction. Diapulse's counter position, as elaborated in the reply affidavit of one of its attorneys, Sigmund Anderman, is as follows:

"Allegations of misuse by DYNAPOWER are included in the moving papers solely in an effort to present to this Court a complete and comprehensive picture of the efforts being made by DYNAPOWER to disparage DIAPULSE and its products. To be sure, misuse of the Western District injunction is only a small part of that picture. A reading of the papers submitted in support of the DIAPULSE application establishes that such allegations do not constitute a 'material part' of the moving papers. They are not indispensable to a determination of the within motion. The propriety of the relief requested by DIAPULSE does not require a finding that DYNAPOWER has misused the injunction issued by the Western District Court.

8. In order to fully comply with the decision of Judge Burke, in the Western District Court, it is respectfully requested that this Court delete, and not consider, those few portions of the moving papers and supporting memorandum which, in any way, allege misuse of the Western District injunction. Specifically, this Court is

---

* This litigation is exclusive of additional actions brought by Diapulse in at least three other United States District Courts against Dynapower's dealers, distributors and purchasers.

requested to strike the following portions of the moving papers:

    a. SIVE AFFIDAVIT—Page 8, Para. 14, second, third and fourth sentences;

    b. ROSS AFFIDAVIT—Page 2, Para. 2, third and fourth sents.; Page 8, Para. 4; Page 10, Para. 5, last sent.;

    c. DIAPULSE MEMORANDUM— Page 6, first sentence."

■ The Court declines Diapulse's invitation to expurgate and edit its motion papers. Indisputably, to a significant extent, Diapulse's present motion is premised on a claimed misuse by Dynapower of the Western District injunction. The assertion of this claim before this Court violates Chief Judge Burke's order of July 27, 1967.

Over and beyond the foregoing, a careful examination of the motion papers demonstrates that Diapulse has failed to meet the basic criteria determining whether it is entitled to the drastic relief of an interlocutory injunction. The motion papers do not present clear and convincing evidence of irreparable injury. To a major extent, the temporary injunction seeks the very relief prayed for in the plenary action. Indeed, Diapulse's answer (dated May 26, 1966) to Dynapower's supplemental complaint demands "that during the pendency of this action a temporary injunction issue to the same purport and tenor as hereinbefore prayed for with respect to permanent relief".

■■ While the Court does not express any definitive opinion concerning the merits of the issues ultimately to be tried, the Court firmly believes that Diapulse's motion papers do not demonstrate that there is a reasonable probability of success on Diapulse's part at the eventual plenary hearing. Sharply contested, technical and complicated issues of fact should be resolved only at the trial, not on the present paper record.

In its Western District patent infringement action, Diapulse attempted to interpose an amended complaint alleging unfair competition. This motion was denied. Diapulse also attempted to interpose unfair competition claims by means of a supplemental reply. This motion was likewise denied. The Court of Appeals held that these two orders were non-appealable. Docket No. 30917, November 21, 1966, appeal dismissed (denial of motion to amend complaint); Docket No. 31121, February 20, 1967, appeal dismissed, awarded double costs and $500. in attorneys' fees and transportation expenses (denial of motion to interpose supplemental reply).

The present motion (as stated in the moving affidavit of Jesse Ross, paragraph 1) is "for a preliminary injunction to enjoin DYNAPOWER from committing acts of unfair competition disparaging the products or the business reputation or financial condition of DIAPULSE".

In other words, the present motion, as well as Action No. 2 itself, seeks to enjoin acts of unfair competition that Diapulse apparently cannot litigate in its Western District case—in which district Dynapower has already obtained two temporary injunctions against Diapulse. Mr. Ross' affidavit (paragraphs 2 and 5) blandly states that he wants this Court to issue a temporary injunction in order to place Diapulse "on a parity with Dynapower", with both parties being enjoined "in the same or substantially the same terms". This "me too" line of reasoning is singularly unimpressive.

■ Finally, the Court's independent inquiry has disclosed that these two consolidated cases are now numbered 17 and 18 on the Jury Other Than Personal Injury Calendar; and that, on June 30, 1967, there was an extension of time granted to October 3, 1967 to file pretrial memoranda. It is manifest that Diapulse's present motion has been made without compliance with the General Rules of this Court, Rule 9($l$), which requires an order from the Part One Judge granting permission to make a motion in a case after it has reached

the Permanent Calendar. On that ground alone, the present motion should be denied.

Extensive depositions upon oral examination and upon written interrogatories, of all parties and of a number of witnesses, have been taken. The time, energy and resources of the Court and the parties should be devoted to an early trial of these consolidated cases rather than diverted to further interlocutory proceedings.

This opinion sets forth the findings of fact and conclusions of law constituting the grounds for the Court's refusal of the requested preliminary injunction, F.R.Civ.P. 52(a).

Motion denied. So ordered.